THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NAPOLEON FOWLER, Appellant.— Appeal from a judgment of conviction of murder in the second degree. Appellant Fowler and Carter, the victim, were prisoners at Dannemora. Appellant was serving a sentence for murder in the second degree committed in ·New York. They slept in a block which accommodated about thirty-eight prisoners, some colored, others white. Only one prisoner testified that he saw appellant attack Carter, although the entire group was either in cells or in the narrow corridor to which the doors had but recently been opened and where the murder occurred. Carter died of multiple wounds inflicted by some sharp instrument. Appellant testified that he saw a white prisoner attack Carter but was unable to identify the assailant; that his left hand was cut while attempting to stop the attack. A second prisoner testified that appellant threatened to kill Carter on the day before the attack. The threat was made after an altercation while the prisoners were in the recreation yard. Appellant seeks a reversal of the conviction as being against the weight of evidence, and further because the District Attorney in his summation and of course not under oath, said that a statement which the appellant made while on the stand was not true. This was error, but not sufficiently grave to warrant a reversal, in view of the strong proof as to appellant's guilt. Judgment of conviction affirmed. All concur.

FORD MICKLE, Appellant, v. HARDER SILO COMPANY, INC., Respondent.— This action was brought by plaintiff to recover the purchase price of a planer. The sole issue is whether plaintiff sold such a machine to defendant. The trial court found that plaintiff failed to sustain the burden of proof. The evidence sustains that finding. Judgment affirmed, with costs. Heffernan, Brewster and Lawrence, JJ., concur; Hill, P. J., dissents; Foster, J., taking no part.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY DE BERNARDO, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County entered in the office of the clerk of Clinton County December 12, 1944, dismissing a writ of habeas corpus. Order affirmed. All concur.